UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW YEE,
    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Andrew Yee, through counsel, Michigan Consumer Credit Lawyers, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Romulus, Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC which is a Delaware company that maintains a registered agent in Southfield, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Highland Estates regarding association dues (the "Debt").

9. Mr. Yee pays his association dues in the amount of $125.00 quarterly.

10. In January 2016, Mr. Yee first became delinquent in making his associations dues.

11. On or about April 12, 2016, Mr. Yee received a Statement of Account from Defendant.

12. In the above Statement of Account, Defendant stated that the starting balance of the alleged Debt was $550.00. It showed the following excessive charges:

    a. Defendant charged Mr. Yee a fee of $270 for an "Account Setup Fee/Dunning Letter;"

    b. Defendant charged Mr. Yee a fee of $395 for a "Lien Recording" Fee; and

    c. Defendant charged Mr. Yee a fee of $350 for an "Escalated Outreach Service."

13. The above Statement of Account showed that the amount of the alleged Debt was originally $550.00 in January 2016 and in April 2016, the balance inflated to $1,865.00.

14. With the above letter, Defendant sent a "Collection Activity & Cost Notice" document. This document showed that Defendant has packages that charges people for services that have not even existed yet. For example, Defendant charges a fee of $395.00 for a "Lien Recording and Discharge Package." This package includes the drafting of a lien, the mailing of the lien, the preparing of the release of the lien and the mailing of the release of lien. Mr. Yee was charged the $395.00 for this "Lien Recording and Discharge Package" in April 2016 when he received the Statement of Account from Defendant as indicated above. There was no discharge of lien, so he should have not been charged the full $395.00. Further, Defendant misrepresented the charges to him on the Statement that he received in April 2016 as Defendant only indicated that the $395.00 charge was for a "Lien Recording Fee" as opposed to a "Lien Recording and Discharge Package."

15. Defendant's "Collection Activity & Cost" document showed further excessive charges. It showed that it charges consumers $100 per outbound contact and $75.00 per continuing outbound contact.

16. Sometime in June 2016, Mr. Yee contacted Defendant and agreed to settle the alleged Debt for approximately $1,800.00.

17. On or about June 22, 2016, Mr. Yee received a letter from Defendant. The letter stated that he agreed to enter into a payment plan with it and that he

would pay it $363.75 and start paying by June 30, 2016. Mr. Yee had agreed to the payment plan of $363.75, but did not sign Defendant's letter which contained additional terms which were not agreed upon.

18. On or about July 21, 2016, Mr. Yee received another letter from Defendant which stated that he agreed to pay the reduced settlement amount of $1,821.60 by July 29, 2016. Mr. Yee agreed to pay this amount, but did not sign Defendant's letter which contained additional terms which were not agreed upon.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

22. Defendant is a "debt collector" under the FDCPA.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

a. 15 U.S.C. §1692 e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it misrepresented the charges on the Statement of Account that Plaintiff received in April 2016 as Defendant charged $395.00 for a "Lien Recording and Discharge" package. There was no discharge of lien, so Plaintiff should not have been charged the full $395.00. Further, Defendant misrepresented charges as Defendant only indicated that the $395.00 was for a "Lien Recording Fee" as opposed to a "Lien Recording and Discharge Package."

b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it collected excessive charges from Plaintiff and when it charged Plaintiff for services that had not even existed yet.

c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt when Defendant sent Plaintiff the Statement of Account and Collection Activity & Cost showing it had charged Plaintiff excessive fees for services that had not even existed yet.

24. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it sent Plaintiff a Statement of Account in April 2016, misrepresenting the charges as Plaintiff was charged $395.00 for a "Lien Recording and Discharge" package. There was no discharge of lien, so Plaintiff should not have been charged the full $395.00. Further, Defendant misrepresented charges as Defendant only indicated that the $395.00 was for a "Lien Recording Fee" as opposed to a "Lien Recording and Discharge Package;" and

b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

a. MCL §445.252 (e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it sent Plaintiff a Statement of Account in April 2016, misrepresenting the charges as Plaintiff was charged $395.00 for a "Lien Recording and Discharge" package. There was no discharge of lien, so Plaintiff should not have been charged the full

$395.00. Further, Defendant misrepresented charges as Defendant only indicated that the $395.00 was for a "Lien Recording Fee" as opposed to a "Lien Recording and Discharge Package;" and

b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

       Respectfully submitted,

       <u>/s/ Gary Nitzkin</u>
       GARY D. NITZKIN (P41155)
       TRAVIS SHACKELFORD (P68710)
       MICHIGAN CONSUMER CREDIT LAWYERS
       Attorneys for Plaintiff
       22142 West Nine Mile Road
       Southfield, MI 48033
       (248) 353-2882
       Fax (248) 353-4840
       Email – gary@micreditlawyer.com

Dated:  January 10, 2017